UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FATJON KALEMI,

    Petitioner,

v.

                                              Civil Case No. 8:24-cv-2033-TPB-TGW
                                              Crim. Case No. 8:23-cr-77-TPB-TGW

UNITED STATES OF AMERICA,

    Respondent.
_____

**ORDER**

Fatjon Kalemi moves under 28 U.S.C. § 2255 to vacate his convictions and 210-month sentence for conspiracy to distribute and possess with the intent to distribute methamphetamine and fentanyl. (Civ. Doc. 1; Crim. Doc. 68) The United States responds by moving to dismiss Kalemi's § 2255 action without prejudice because this Court lacks jurisdiction due to his pending appeal. (Civ. Doc. 3)

**I.  Background**

Kalemi pleaded guilty without a plea agreement to conspiracy to distribute and possess with intent to distribute methamphetamine and fentanyl in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) and (b)(1)(C), possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and possession with intent to distribute fentanyl in

violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Crim. Docs. 37 and 76) This Court sentenced Kalemi to 210 months. (Crim. Doc. 68) On December 26, 2023, Kalemi appealed (Crim. Doc. 73), and that appeal remains pending. *See United States v. Kalemi*, Case No. 23-14159.

On August 23, 2024, Kalemi initiated this action by filing a § 2255 motion. (Civ. Doc. 1) He claims that trial counsel rendered constitutionally ineffective assistance for not pursuing a mental health evaluation and not calling a chemist as a witness. (*Id*. at 4–5) He also claims that appellate counsel rendered constitutionally ineffective assistance by filing a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), rather than arguing that Kalemi is entitled to relief under *Erlinger v. United States*, 144 S. Ct. 1840 (2024), and *Borden v. United States*, 593 U.S. 420 (2021). The United States now moves to dismiss this action without prejudice because Kalemi's notice of appeal divests this Court of jurisdiction. (Civ. Doc. 3)

**II. Discussion**

"[T]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal." *United States v. Diveroli*, 729 F.3d 1339, 1341 (11th Cir. 2013) (quotation omitted). "When an appeal is filed, the district court is divested of jurisdiction to take *any* action with regard to the matter except in aid of the appeal." *Id*.

(quotation omitted). "The general rule is that a defendant may not seek collateral relief while his direct appeal is pending." *United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990); *see United States v. Casaran-Rivas*, 311 F. App'x 269, 272 (11th Cir. 2009) ("[A]bsent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief.") (citations omitted). "[T]he appropriate action for addressing a § 2255 motion filed during the pendency of the direct appeal is to dismiss the § 2255 action without prejudice so that the defendant can pursue his or her collateral remedies when jurisdiction is revested in the district court after disposition of the direct appeal." *United States v. McKnight*, No. 20-11859, 2022 WL 4692129, at *3 (11th Cir. Oct. 3, 2022) (citing *Khoury*, 901 F.2d at 976).

Here, Kalemi's notice of appeal filed in his criminal action divested this Court of jurisdiction to entertain his § 2255 motion. Therefore, this action must be dismissed without prejudice so that Kalami may refile it after the disposition of his appeal. *See United States v. Dunham*, 240 F.3d 1328, 1329–30 (11th Cir. 2001) ("We conclude that the district court lacked jurisdiction to consider and rule on [defendant's] § 2255 motion during the pendency of her direct appeal of her sentence, and therefore her appeal of the district court's denial of that motion is dismissed without prejudice and the district court's order denying [defendant's] § 2255 motion is vacated without prejudice to

[defendant's] right to file a § 2255 motion after the disposition of her direct appeal.").

## III. Conclusion

The United States' motion to dismiss (Civ. Doc. 3) is **GRANTED**. Kalemi's action under 28 U.S.C. § 2255 is **DISMISSED** for lack of jurisdiction. The dismissal is without prejudice to Kalemi filing a motion to vacate, in a new case with a new case number, after final disposition of his appeal. The clerk is directed to **CLOSE** this case and enter a copy of this order in the criminal case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of September, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**